UNITED MINE WORKERS OF AMERI-
CA, etc., et al., Appellants,

v.

EASTOVER MINING COMPANY,
Appellee.

Supreme Court of Kentucky.

May 20, 1977.

Joseph A. Yablonski, Gen. Counsel, Harrison Combs, Senior Counsel, United Mine Workers of America, Washington, D. C., Grant F. Knuckles, Pineville, for appellants.

Karl Forester, Forester & Forester, Harlan, Ky., for appellee.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Harlan Circuit Court which held the United Mine Workers of America to be in contempt of court and assessed a fine of $20,000.00 as punishment.

U.M.W. contends:

1. The contempt conviction must be reversed because the union was denied its right to trial by jury; and

2. The contempt conviction must be reversed because the contempt findings by the trial judge are not supported by substantial evidence. We shall discuss these contentions in inverse order.

In July of 1973 a strike was called at the Eastover Mining Company after collective bargaining between U.M.W. and Eastover had reached impasse. Because of disruptions on the picket line, Eastover sought and obtained a temporary injunction limiting U.M.W. to no more than three pickets at each of the two entrances to the mine. On September 28, 1973 Eastover filed a motion for a rule requiring U.M.W. to show cause why it should not be found to be in contempt of court. There had been a demonstration at the mine the day before in which forty to fifty men, women and children had participated. Several similar but smaller demonstrations occurred during the following week.

The only evidence that connected U.M.W. to these demonstrations was that some of the participants carried signs printed for U.M.W.; that employees of U.M.W. were present at the demonstrations; and that people known by U.M.W. to have violated the temporary injunction continued to receive strike benefits from U.M.W. after the demonstrations. U.M.W. denied any participation in or encouragement of these demonstrations. It presented evidence that it supplied signs only for picketing as permitted by the court and for an earlier demonstration at the offices of the Harlan County Coal Operators' Association located several miles from the mine, and that its employees present on the scenes consistently advised the rank and file to comply with the temporary injunction and in no way encouraged its violation.

It is an axiom of labor management relations that international unions cannot always control the actions of their locals much less the actions of their rank

and file. Consequently, unions may only be held responsible for the authorized or ratified actions of their officers and agents.[1] The complaining parties must prove not only that irresponsible or violent acts by individual workers (or by agents provacateur) occurred but also that in some way the union acting through its officers or agents initiated or encouraged or aided and abetted or ratified the prohibited conduct. See *Blue Diamond Coal Co. v. United Mine Workers of America*, C.A.6th, 436 F.2d 551 (1970), cert. den., 402 U.S. 930, 91 S.Ct. 1525, 28 L.Ed.2d 863 (1971).

 The rule is that an adjudication of contempt is improper where there is no material evidence to connect the alleged contemnor with the acts charged and he denies any connection, although there are circumstances affording reasonable grounds for suspecting his participation. 17 Am. Jur.2d, Contempt, Sec. 99. *Whorton v. Gaspard*, 240 Ark. 325, 399 S.W.2d 680 (1966).

 The continued payment of strike benefits to union members who participated in the violation of the temporary injunction in no way establishes U.M.W. ratification of the demonstrations. The obvious purpose of the payment of strike benefits is to provide at least a minimum level of subsistence for workers' dependents, not to ratify or reward the commission of unlawful acts. The presence and activities of U.M.W. employees at the scenes were not unexplained or shown to encourage or aid and abet the violation of the temporary injunction. On the contrary, these people urged compliance with the order of court. The presence of the signs at the demonstrations does not establish initiation or facilitation of the violation of the temporary injunction. Eastover offered no proof of improper distribution as opposed to improper use of the signs.

All in all, taken individually or collectively, these three factors raise at most a spec-

ter of suspicion, and do not rise to the dignity of substantial evidence of U.M.W. participation in the prohibited conduct. The findings of the trial judge to the contrary are clearly erroneous.

This view of the case makes it unnecessary for us to discuss the first assignment of error and determine the import of *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975) on *Miller v. Vettiner*, Ky., 481 S.W.2d 32 (1972) and its progeny.

The judgment is reversed and the cause is remanded with directions to dismiss the charge of contempt.

All concur.

---

1. For example 29 U.S.C. Sec. 106 provides in part " . . . no association or organization participating in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in or actual authorization of such acts, or of ratification of such acts after actual knowledge thereof."